IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CV-450-FL

| | |
|---|---|
| SHELIA Y. CRUTHIRDS, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

This matter is before the court on defendant's motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (DE 9). The motion has been fully briefed, and the issues raised are ripe for decision. For the reasons that follow, the court grants defendant's motion.

## STATEMENT OF THE CASE

Plaintiff, proceeding pro se, initiated this action September 17, 2018. This case, the latest in a series of lawsuits,[1] arises from United States Army barring plaintiff from entering Fort Bragg and Camp McKall, then terminating her employment with the child and youth school services directorate program ("CYSS"). Plaintiff alleges defendant committed several intentional torts under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., discriminated and retaliated in violation of various civil rights statutes, and improperly reported to the Internal Revenue Service

---

[1] See Cruthirds v. Sanborn et al. ("Cruthirds I"), No. 5:13-cv-179-BR (E.D.N.C. filed Mar. 17, 2013); Cruthirds v. Miller et al. ("Cruthirds II"), No. 5:13-cv-849-BO (E.D.N.C. filed Dec. 17, 2013); Cruthirds v. Lacey et al. ("Cruthirds III"), No. 5:14-cv-260-BR (E.D.N.C. filed May 2, 2014).

("IRS") payment arising from a settlement agreement.

On December 28, 2018, defendant filed the instant motion to dismiss. After briefing in the usual course, see Local Civil Rule 7.1(f), 7.1(g), plaintiff filed two sur-replies in opposition to the motion. Plaintiff relies upon voluminous exhibits, including email correspondence between her and former supervisors; correspondence regarding barring her entry to base and termination; records of proceedings following her termination; declarations by plaintiff and various employees of the Army; settlement agreements between plaintiff and the Army; and correspondence with the Internal Revenue Service ("IRS") and the Army regarding taxation of her settlement payment.

## STATEMENT OF THE FACTS

On or around August 10, 2010, plaintiff began working for defendant as a non-appropriated fund ("NAF") employee at the child and youth program at Fort Bragg. (Compl. at 1, 3; 10/7/13 Letter (DE 1-10) at 5; Notice of Termination (DE 1-19) at 3). After approximately ten months, plaintiff was promoted to supervisory program specialist for Wonderful World for Kids ("WWK"). (See 10/7/13 Letter (DE 1-10) at 5). Eight days later, plaintiff emailed Karen Miller ("Miller"), division chief of CYSS, to tell her there were too many children in the program and that the director of WWK, Sakeeta Lewis ("Lewis"), allowed children to go unsupervised. (Compl. at 3, 4; 10/7/13 Letter (DE 1-10) at 5). Following plaintiff's email, her relationship with Lewis and other workers at WWK deteriorated over the course of 2011. (See 10/7/13 Letter (DE 1-10) at 5).

At the beginning of 2012, Miller reassigned plaintiff to Cook Child Development Center ("CCDC"). (Compl. at 3, 4; 10/7/13 Letter (DE 1-10) at 6). However, plaintiff's relationship with her supervisors at CCDC quickly became contentious. On July 16, 2012, Kathy Shearer ("Shearer"), plaintiff's immediate supervisor, recommended plaintiff be suspended for three days for sending an

email on or about May 23, 2012, allegedly making false statements about the director of CCDC. (7/16/12 Memorandum (DE 1-3) at 10).

Shortly after the recommendation of suspension, plaintiff communicated to Sondra McMillan ("McMillan"), her second line supervisor, that she had been diagnosed with acute anxiety and depression. (Miller Decl. (DE 1-4) at 3). Plaintiff's doctor requested she be placed on medical leave, and plaintiff requested that she be transferred to another facility besides CCDC. (Miller Decl. (DE 1-4) at 3; 10/7/13 Letter (DE 1-10) at 7). Plaintiff also filed a worker's compensation claim, alleging that defendant's employees caused her medical conditions. (10/7/13 Letter (DE 1-10) at 7).

In mid-January 2013, plaintiff sent threatening emails to her supervisors, stating "you are going to pay for this intentional act that almost caused me to commit suicide . . ." and comparing herself to the shooter in the "Arizona Movie Massacre." (Miller Decl. (DE 1-4) at 4). On January 31, 2013, Colonel Jeffrey M. Sanborn ("Colonel Sanborn") banned plaintiff from entering the military reservation at Fort Bragg and Camp McKall effective immediately for making threats and harassing members of CYSS. (1/31/13 Letter (DE 1-15) at 2). The Army terminated plaintiff's employment with CYSS on March 21, 2013. (10/7/13 Letter (DE 1-10) at 8).

In the wake of her termination, plaintiff prosecuted a raft of EEOC charges alleging discrimination on the basis of race, disability, age, and reprisal. Pursuant to a negotiated global settlement agreement, plaintiff settled all her claims against defendant in 2016 ("2016 Global Settlement"). (See 2016 Global Settlement (DE 1-2) at 2-4). On July 2, 2018, the IRS sent a notice of proposed changes to plaintiff's 2016 tax return, creating a deficiency of $61,402.00 of taxes, penalties, and interest arising from the lump sum payment made to plaintiff as part of her settlement

with the Army. (See Compl. at 2). Plaintiff then instituted this action.

## COURT'S DISCUSSION

A.     Standard of Review

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Such motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Where a defendant raises a "facial challenge[] to standing that do[es] not dispute the jurisdictional facts alleged in the complaint," the court accepts "the facts of the complaint as true as [the court] would in context of a Rule 12(b)(6) challenge." Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018).

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). "Nevertheless, pro se pleadings are to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (emphasis omitted) (quotations

4

omitted) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

B. Analysis

Construing plaintiff's complaint liberally, plaintiff raises several claims. The court addresses plaintiff's claims of defamation and other specific intentional torts. The court then turns to plaintiff's other claims arising from her employment with the Army. Finally, the court addresses plaintiff's tax claim arising from her 2016 Global Settlement.

1. Intentional Torts

Plaintiff claims defamation under the FTCA. (See Compl. at 1, 5). "As a sovereign, the United States is immune from all suits against it absent an express waiver of its immunity . . . . All waivers of sovereign immunity must be strictly construed . . . in favor of the sovereign." Welch v. United States, 409 F.3d 646, 650–51 (4th Cir. 2005) (internal citations omitted). "For that reason, it is the plaintiff's burden to show that an unequivocal waiver of sovereign immunity exists and that none of the statute's waiver exceptions apply to his particular claim." Id. at 651.

The FTCA provides that "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages." 28 U.S.C. § 2674. However, the FTCA does not waive defendant's liability for "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights . . . ." 28 U.S.C. § 2680(h).

On its face, the FTCA does not waive sovereign immunity for claims of libel or slander. Therefore, defendant has not waived immunity to plaintiff's defamation claim.

In opposition to defendant's motion, plaintiff also alludes to theories of battery and fraudulent concealment. (Resp. Opp. (DE 14) at 2-3). Even construing plaintiff's complaint to include such claims, they are likewise barred by sovereign immunity. A claim for battery is expressly excluded from the FTCA by statute. See 28 U.S.C. § 2680(h). Similarly, a claim for fraudulent concealment is barred as a claim "arising out of . . . deceit." Id. § 2680(h); see Watts v. Cumberland Cty. Hosp. Sys., Inc., 317 N.C. 110, 117 (1986) (requiring deceit to prove fraudulent concealment). Consequently, plaintiff's claims for defamation, battery, and fraudulent concealment under the FTCA fail for want of subject matter jurisdiction.

2.  Employment Claims

Plaintiff contends that defendant's employees intentionally inflicted emotional distress upon her, as well as discriminated against her and retaliated against her. (Compl. at 1, 5-6). In reviewing a complaint under Rule 12(b)(6), the court "may consider documents attached to the complaint, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Sec'y of State For Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007) (internal citations omitted). The court may also "take judicial notice of matters of public record." Id. "Although a motion pursuant to Rule 12(b)(6) invites an inquiry into the legal sufficiency of the complaint, not an analysis of potential defenses to the claims set forth therein, dismissal nevertheless is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." Occupy Columbia v. Haley, 738 F.3d 107, 116 (4th Cir. 2013) (quoting Brockington v. Boykins, 637 F.3d 503, 506 (4th Cir. 2011)).

Accord and satisfaction is an affirmative defense. See Fed. R. Civ. P. 8(c). "Compromise and settlement is . . . a subset of the larger class of 'accord and satisfaction.'" Piver v. Pender Cty.

Bd. of Educ., 835 F.2d 1076, 1083 n.3 (4th Cir. 1987). "A compromise and settlement may act as a bar to further action on the antecedent claim that forms the basis of the compromise." Id. "First, the court should ascertain whether the parties have in fact agreed to settle the case. Once the court determines that the parties have agreed to settle the case, then the court must discern the terms of that settlement." Moore v. Beaufort Cty., N.C., 936 F.2d 159, 162 (4th Cir. 1991). "A compromise and settlement requires an offer and acceptance, consideration, and parties who have the capacity and authority to contract." Piver, 835 F.2d at 1083.

The parties signed a negotiated settlement, which plaintiff identifies as the 2016 Global Settlement. (See Compl. at 6; 2016 Global Settlement (DE 1-2) at 4-5; 7/5/18 Letter (DE 1-13) at 9).[2] Therefore, the parties agreed to settlement.

The terms of the 2016 Global Settlement are straightforward. The Army agreed to several concessions, including paying plaintiff $130,000.00, removing certain disciplinary documents from plaintiff's personnel file, placing plaintiff on leave without pay through July 31, 2016, and processing plaintiff's request for disability retirement made before July 31, 2016. (2016 Global Settlement (DE 1-2) at 2). In exchange, plaintiff agreed to release the Army from her claims of employment discrimination and "any other claims under any federal, state, or local law, common law, or the law of any other country relating to [her] employment relationship with the Army." (2016 Global Settlement (DE 1-2) at 2). The release "covers both claims that [plaintiff] knows about and those she may not know about." (2016 Global Settlement (DE 1-2) at 2). Plaintiff's complaint indicates that the Army complied with its obligations under the 2016 Global Settlement, including

---

[2] The court takes judicial notice that plaintiff filed a fully executed copy of the 2016 Global Settlement together with her amended complaint in Cruthirds III, indicating the 2016 Global Settlement became effective on June 6, 2016. See 2016 Global Settlement (DE 55-3) Cruthirds III, No. 5:14-cv-260-BR at 2-4 (E.D.N.C. June 12, 2017).

7

paying her $130,000.00.  (See, e.g., Compl. at 2; 7/5/18 Letter to IRS (DE 1-13) at 9, 14).

Plaintiff argues that the defense of accord and satisfaction does not apply because she "had no opportunity to even negotiate terms [for] punitive damages or nonpecuniary damages so no taxes would have to be paid on my part."  (Note (DE 1-2) at 1).  Evidently, this concern did not preclude plaintiff from signing the 2016 Global Settlement and assenting to the terms therein.  (See Compl. at 6; 2016 Global Settlement (DE 1-2) at 4-5; 7/5/18 Letter (DE 1-13) at 9).  Therefore, plaintiff's argument has no merit.

Plaintiff's claims of intentional infliction of emotional distress, discrimination, retaliation, and "any other claims under any federal, state, or local law, common law, or the law of any other country relating to [her] employment relationship with the Army" fall entirely within the scope of the 2016 Global Settlement.  (See Compl. at 3-4 (reciting the circumstances of plaintiff's employment with defendant as grounds for recovery)).  Dismissal is warranted on the face of plaintiff's complaint due to accord and satisfaction.

3.   Tax Claims

Plaintiff protests the withholding of taxes resulting from the lump sum settlement payment of $130,000.00, arguing that the payment should be "listed totally . . . as [p]ain and [s]uffering" and that the "money was misidentified as 'nonemployee compensation.'"  (See 7/5/18 Letter (DE 1-13) at 9).  Plaintiff's claim sounds as one for filing a fraudulent Form 1099-MISC ("Form 1099") with the IRS.  See 26 U.S.C. §§ 6041(a), 6724(d)(1)(A)(i), 7434(a), 7434(d); 26 C.F.R. § 1.6041-1(a)(2).  Even liberally construed, plaintiff's complaint is devoid of any allegations plausibly showing fraud by defendant in filing her Form 1099.  See Fed. R. Civ. P. 9(b) (requiring parties to plead with particularity the circumstances of fraud).  In addition, the complaint shows the Army believed its

reporting in plaintiff's Form 1099 was correct, defeating any allegation of intent to defraud. (See 7/16/18 Letter (DE 1-13) at 4).

In sum, plaintiff attempts to revive her previous lawsuits because she is dissatisfied with the tax implications of her settlement. However, plaintiff expressly agreed as part of her settlement with her employer that "she is responsible for all tax obligations and other withholdings/deductions required by law as a result of his/her receipt of any funds under this Agreement." (2016 Global Settlement (DE 1-2) at 4). Plaintiff may quibble with what taxes the IRS determines are "required by law" as a result of the settlement payment, but she may not upend her entire settlement because she now decides she would like $5,000,000.00 instead of $130,000.00. (See Compl. at 7; 2016 Global Settlement (DE 1-2) at 2, 4). Consequently, plaintiff's case is dismissed.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim (DE 9) is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 11th day of April, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge